**MEI YA YOU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–3879–ag.

United States Court of Appeals, Second Circuit.

April 22, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lin Yu, Law Offices of Yu & Associates, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mei Ya You, a native and citizen of China, seeks review of an August 16, 2007 order of the BIA, affirming the October 5, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Ya You,* No. A96 395 495 (B.I.A. Aug. 16, 2007), *aff'g* No. A96 395 495 (Immig. Ct. N.Y. City Oct. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, You has abandoned any challenge to the agency's denial of her application for CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Additionally, You failed to exhaust before the BIA her challenge of the IJ's finding that she could reasonably relocate within China to avoid persecution

and her claim that there is a pattern and practice of persecution against similarly situated individuals. However, because the BIA specifically considered the IJ's relocation finding, we can be confident that the purposes of the exhaustion requirement have been met, *see Theodoropoulos v. INS,* 358 F.3d 162, 165–69, 174 (2d Cir.2004), and despite the government's argument to the contrary, we will consider such issue exhausted. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir. 2006). Unlike the issue of the reasonableness of relocation, the BIA did not consider You's unexhausted pattern and practice claim. Because the regulations make clear that a pattern and practice claim is a distinct basis of asylum relief, You's pattern and practice theory cannot be viewed as an extension of her argument that she had a well-founded fear of persecution. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007); *see also* 8 C.F.R. § 1208.13(b)(2)(iii). Accordingly, we decline to consider You's pattern and practice claim. *See Steevenez,* 476 F.3d at 117–18.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). In this case, without rejecting the IJ's adverse credibility determination, the BIA assumed You's credibility and agreed with the IJ's alternative burden of proof finding. Therefore, we assume, without determining, You's credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73

& n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Here, You challenges the agency's determination that she failed to establish a *well-founded fear* of future persecution because she would be able to safely relocate within China. The agency's regulations provide that "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ..., if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). In cases where the purported "persecutor is a government or is government-sponsored, ... it shall be presumed that internal relocation would not be reasonable, unless the [government] establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3)(ii). In determining whether such relocation would be reasonable, the IJ "should consider ... whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3).

In finding that You could avoid persecution by relocating within China, the IJ unreasonably relied, in part, on You's ability to avoid persecution by remaining in hiding. *See Mema v. Gonzales,* 474 F.3d 412, 419 (7th Cir.2007) (acknowledging that it is unreasonable to expect an applicant to live in hiding to avoid persecution); *see also Mece v. Gonzales,* 415 F.3d 562, 577 (6th Cir.2005) (same). The IJ further found that any threat of persecution that You purportedly faced in China was "localized," and that she would not face persecution elsewhere in China because she has never practiced Falun Gong and she abandoned selling Falun Gong materials years before leaving China. However, as the BIA recognized, there are "objective reports of China's persecution of persons having only tangential involvement in Falun Gong." Additionally, the IJ erred in failing to determine whether relocation would be reasonable for You. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Indeed, the IJ does not appear to have evaluated any of the factors required by the regulations. *See* 8 C.F.R. § 1208.13(b)(3).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED with respect to petitioner's claims for asylum and withholding of removal, and the case is REMANDED for further proceedings consistent with this decision. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).